IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.

**SUPERSEDING INDICTMENT**
CRIMINAL NO. 3:18cr67-CWR-LRA

AUBREY MAURICE JORDAN,
MONROE L. HUGHES, III a/k/a Roe and
CORTEZ LAKEITH BYRD a/k/a Byrd

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 1512(a)(1)(C)
18 U.S.C. § 1512(k)
18 U.S.C. § 1513(a)(1)(B)
18 U.S.C. § 1513(f)

**The Grand Jury charges:**

## COUNT 1

From on or about September 21, 2017 to on or about October 9, 2017, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, the defendants, **MONROE L. HUGHES, III a/k/a Roe and CORTEZ LAKEITH BYRD a/k/a Byrd**, did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of a methamphetamine, a Schedule II controlled substance, as prohibited by Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**QUANTITY OF METHAMPHETAMINE INVOLVED IN THE CONSPIRACY**

With respect to **MONROE L. HUGHES, III a/k/a Roe and CORTEZ LAKEITH BYRD a/k/a Byrd**, the amount involved in the conspiracy attributable to each as a result of their conduct, and the conduct of other conspirators reasonably foreseeable to them, is 50 grams or more of a mixture or substance containing a detectable amount of a methamphetamine.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 2

That on or about September 21, 2017, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, the defendant, **MONROE L. HUGHES, III a/k/a Roe**, did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of a methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 3

That on or about October 9, 2017, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, the defendants, **MONROE L. HUGHES, III a/k/a Roe and CORTEZ LAKEITH BYRD a/k/a Byrd**, aided and abetted each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of a methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 4

That on or about March 10, 2018, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, the defendants, **AUBREY MAURICE JORDAN, MONROE L. HUGHES, III a/k/a Roe and CORTEZ LAKEITH BYRD a/k/a Byrd**, conspired and agreed with each other, and with others known and unknown to the Grand Jury, to kill A.F., by shooting A.F. with a firearm, with the intent to prevent the communication by A.F. to a law enforcement officer of information relating to the commission or possible commission of a federal offense.

In violation of Title 18, United States Code, Sections 1512(k) and 1512(a)(3)(A).

## COUNT 5

That on or about March 10, 2018, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, the defendant, **AUBREY MAURICE JORDAN**, killed A.F. by shooting A.F. with a firearm, with the intent to prevent the communication by A.F. to a law enforcement officer of information relating to the commission or possible commission of a federal offense.

In violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 1512(a)(3)(A).

## COUNT 6

That on or about March 10, 2018, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, the defendants, **AUBREY MAURICE JORDAN, MONROE L. HUGHES, III a/k/a Roe** and **CORTEZ LAKEITH BYRD a/k/a Byrd**, conspired and agreed with each other, and with others known and unknown to the Grand Jury, to kill A.F., by shooting A.F. with a firearm, with the intent to retaliate against A.F. for providing to a law enforcement officer information relating to the commission or possible commission of a federal offense.

In violation of Title 18, United States Code, Sections 1513(f) and 1513(a)(2)(A).

## COUNT 7

That on or about March 10, 2018, in Lauderdale County, in the Northern Division of the Southern District of Mississippi, the defendant, **AUBREY MAURICE JORDAN**, killed A.F. by shooting A.F. with a firearm, with the intent to retaliate against A.F. for providing to a law enforcement officer information relating to the commission or possible commission of a federal offense.

In violation of Title 18, United States Code, 1513(a)(1)(B) and 1513(a)(2)(A).

## NOTICE OF SPECIAL FINDINGS - AUBREY MAURICE JORDAN

The allegations contained in Counts 1-7 of the indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Counts 4-7, the Defendant, **AUBREY MAURICE JORDAN**:

1. Was 18 years of age or older at the time of the offense. (18 U.S.C. § 3591(a)).

2. Intentionally killed the victim. (18 U.S.C. § 3591(a)(2)(A)).

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim. (18 U.S.C. § 3591(a)(2)(B)).

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(C)).

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than the one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D).

6. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)).

### NOTICE OF SPECIAL FINDINGS - MONROE HUGHES a/k/a ROE

The allegations contained in Counts 1-7 of the indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Counts 4-7, the Defendant, **MONROE L. HUGHES, III a/k/a Roe**:

1. Was 18 years of age or older at the time of the offense. (18 U.S.C. § 3591(a)).

2. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(C)).

3. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than the one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D).

4. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)).

NOTICE OF SPECIAL FINDINGS - CORTEZ LAKEITH BYRD a/k/a BYRD

The allegations contained in Counts 1-7 of the indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Counts 4-7, the Defendant, **CORTEZ LAKEITH BYRD a/k/a BYRD**:

1. Was 18 years of age or older at the time of the offense. (18 U.S.C. § 3591(a)).

2. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(C)).

3. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than the one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D).

4. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)).

D. MICHAEL HURST, JR.
United States Attorney

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 27th day of June, 2018.

UNITED STATES MAGISTRATE JUDGE

5