**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**V.**                           **CAUSE NO. 3:18-CR-67-CWR-LRA-2**

**MONROE L. HUGHES, III**                                                **DEFENDANT**

**ORDER**

Before the Court is Defendant Monroe L. Hughes, III's *Motion to Dismiss*. The matter is fully briefed and was argued at a hearing on March 11, 2020. After reviewing the arguments, evidence, and applicable law, the Court finds that the motion should be denied.

Hughes seeks dismissal of all five counts brought against him in the superseding indictment:

> Count I: Violation of 21 U.S.C. § 846 – Conspiracy to possess with intent to distribute 50 grams or more of a mixture of a substance containing a detectable amount of methamphetamine;
>
> Count II: Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) – Knowing and intentional possession with intent to distribute 50 grams or more of a mixture of a substance containing a detectable amount of methamphetamine;
>
> Count III: Violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 – Aiding and abetting the knowing and intentional possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine;
>
> Count IV: Violation of 18 U.S.C. §§ 1512(k) and (a)(3)(A) – Conspiracy to kill an informant to prevent the communication by the informant to a law enforcement officer of information relating to the commission or possible commission of a federal offense; and
>
> Count VI: Violation of 18 U.S.C. §§ 1513(f) and (a)(2)(A) – Conspiracy to kill an informant with intent to retaliate against the informant for providing to a law enforcement officer information relating to the commission or possible commission of a federal offense.

*See* Docket No. 52.

As to Counts I, II, and III, Hughes argues that laboratory evidence provided by the Government during discovery cannot establish the existence of the amounts of methamphetamine alleged in the indictment.[1] Hughes argues that Count IV should be dismissed because the Government cannot establish that (1) the alleged informant and victim was a federal law enforcement officer or (2) there was a "reasonable likelihood" that the informant would make a relevant communication to a federal officer, as required to prove a violation of 18 U.S.C. § 1512(a)(1)(C). *See Fowler v. United States*, 563 U.S. 668, 677 (2011).[2] Additionally, as to Count VI, Hughes contends that if he is "correct and Counts I, II, III and IV are to be dismissed, it should be incumbent upon the Government to show what specific acts support the allegations set forth in Count VI." Docket No. 162 at 4.

Hughes' arguments as to Counts I, II, and III are without merit. The Government presented laboratory evidence at the motion hearing showing the requisite amounts of methamphetamine. Hughes' counsel conceded as much at the hearing.

Hughes' arguments for dismissal of Count IV are also unpersuasive. "The federal witness tampering statute makes it a crime 'to kill another person, with intent to . . . prevent the communication by any person to a law enforcement officer . . . of the United States' of 'information relating to the . . . possible commission of a Federal offense.'" *Fowler*, 563 U.S. at 670 (quoting 18 U.S.C. § 1512(a)(1)(C)). "This language makes clear that in a prosecution the Government must prove: (1) a killing or attempted killing, (2) committed with a particular intent, namely, an intent

---

[1] At the motion hearing, Hughes' counsel also raised a separate argument that "even assuming that there is a detectable amount of methamphetamine that the Government's sole purpose in bringing those first three counts is tied in to the shooting itself." However, this argument was neither briefed nor developed during oral argument. Accordingly, the Court will not consider it at this time.

[2] Hughes also argues that Count VI should be dismissed under the reasoning in *Fowler*. However, *Fowler* did not concern 18 U.S.C. § 1513, the statute at the core of Count VI. Accordingly, Hughes' argument is not well taken.

2

(a) to "prevent" a "communication" (b) about "the commission or possible commission of a Federal offense" (c) to a federal "law enforcement officer or judge." *Id.* at 668.

To prove a defendant's intent to prevent communication with a federal officer, "the Government must show that there was a *reasonable likelihood* that a relevant communication would have been made to a federal officer." *Id*. at 670 (emphasis added). In *Fowler*, the Supreme Court added:

> The Government need not show that such a communication, had it occurred, would have been [to a] federal [officer] beyond a reasonable doubt, nor even that it is more likely than not. . . . But the Government must show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical.

*Id*. at 678.

Here, the Government can show more than a "remote, outlandish, or simply hypothetical" likelihood of communication with a federal officer. The informant served as a confidential source for the East Mississippi Drug Task Force (EMDTF). In that role, the informant placed a recorded phone call with Hughes to arrange a drug purchase and eventually participated in two controlled purchases with Hughes. EMDTF provided the audio and video recording of each interaction to the Drug Enforcement Administration (DEA) in October 2017, months before the grand jury initially indicted Hughes on April 3, 2018, and months before the informant's death. Given the DEA's involvement in EMDTF's investigation, it follows that a jury could find that there was a "reasonable likelihood" that the informant would communicate with a federal officer.

Finally, Hughes' argument about Count VI need not be taken up, as it was dependent on securing dismissal of the other Counts.

Accordingly, Hughes' motion is denied.

**SO ORDERED**, this the 12th day of May, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
