IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, v. **AUBREY MAURICE JORDAN, et al.**, *Defendants.* | CAUSE NO. 3:18-CR-67-CWR-LGI |

## ORDER

Before the Court are the Government's *Motion to Exempt Two Case Agents From the Rule of Sequestration*, Docket No. 349, and the Defendant's response. Docket No. 353. Upon review, the *Motion* will be granted.

### I.     Procedural History

The Government filed the present motion in anticipation of trial. Pursuant to Rule 615 of the Federal Rules of Evidence, the Government requests that the Court "exempt from sequestration at trial two case agents: retired Drug Enforcement Administration ('DEA') Special Agent Kim Dearman, and current DEA Special Agent Chansey McMillin." Docket No. 349 at 1. It argues that Dearman and McMillin "have played significant roles in the accumulation of the complex evidence underlying [the Government's] case" and "each agent is essential to assist . . . efficient presentation of the United States' case at trial." *Id*. "There is no risk that the fact testimony of either agent,"

the Government asserts, "would be impacted by the testimony of other witnesses." *Id*. at 2.

Defendant Aubrey Maurice Jordan disagrees.[1] He argues that the "complexity" of the investigation is not a sufficient reason to exempt two case agents from the rule of sequestration. Docket No. 353. Not only does the Government fail to explain or justify how the presence of Dearman would be essential to its presentation of the case, it also fails to recognize how the testimony of one agent may influence that of another. *Id*. at 1-2. In a case where "'eyewitness identification' took place in March and April 2018," permitting "Dearman to be present in the courtroom during testimony, particularly during cross-examination" would "certainly have an effect on [Dearman's] memory of events and . . . subsequently [a]ffect her subsequent testimony about those events," he claims. *Id*.

## II.   Discussion

Rule 615 of the Federal Rules of Evidence governs the sequestration of witnesses at trial. It provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. However, "this rule does not authorize excluding . . . a person whose presence a party shows to be essential to presenting the party's claim or defense." *Id.* at 615(c). The Rule's main purpose "is to aid in detecting testimony that is tailored to that of other witnesses and is less than candid." *United States v. Wylie*, 919 F.2d 969, 976 (5th Cir. 1990).

---

[1] Defendant Cortez Lakeith Byrd has joined Jordan's Opposition. Docket No. 356.

On review, the Court finds that the Government has satisfied its burden. That is because Dearman's and McMillin's roles in this case are paramount to the Government's case in chief.

Dearman was the lead agent in this case when it was indicted in 2018. She ran the investigation for nearly four years. Dearman retired at the end of 2021 and McMillin thereafter assumed his role as the lead case agent in early 2022. McMillin has been actively involved in the case since that time. But of most importance here is that this case did not and has not come to a full stop since McMillin's transition. Docket Nos. 279 and 311. Each agent has had a substantial role and considerable involvement in this case and therefore they are exempt from the rule of sequestration. Enforcing the sequestration rule as to them would deprive the Government of its ability to present its case.

### III.   Conclusion

For the foregoing reasons, the Government's *Motion to Exempt Two Case Agents From the Rule of Sequestration* is granted.

**SO ORDERED**, this the 28th day of July, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
