IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| *Plaintiff*, | |
| v. | CAUSE NO. 3:18-CR-67-CWR-LGI |
| **AUBREY MAURICE JORDAN;** **MONROE L. HUGHES, III** *aka* **Roe; and** **CORTEZ LAKEITH BYRD** *aka* **Byrd,** | |
| *Defendants*. | |

## ORDER

Before the Court are the government's omnibus motion *in limine*, Docket No. 348, and Aubrey Maurice Jordan's omnibus motion *in limine*, Docket No. 350. The motions are fully briefed and ready for adjudication. On review, the government's motion will be granted in part and denied in part, while Mr. Jordan's motion will be denied.

**I.     The Government's Omnibus Motion *in Limine* [348]**

The United States first seeks to exclude any mention "that an officer or agent engaged in misconduct." The request is denied, as the Court is aware that one of the law enforcement officers involved in this case was recently convicted in federal court of committing a felony.

The United States then asks to exclude information regarding "the presence or absence of any particular person on the Government's witness list, or the Government's plan to call or not call a particular witness." The motion is denied without prejudice for lack of information. On this record, "it is impossible to analyze the appropriateness of any argument about the presence or absence of a witness on the Government's witness list." *United States v.*

*Forbes*, No. 3:22-CR-81-DCB-FKB-1, 2022 WL 14812683, at *1 (S.D. Miss. Oct. 25, 2022) (citing *United States v. Ward*, No. 5:19-CR-3-KHJ-LGI, 2021 WL 2463571, at *2 (S.D. Miss. June 16, 2021)).

The United States next seeks to exclude information about "disputes over discovery, including the timing of the production of records to the Government by witnesses," and "which other persons have, or have not, been charged in this or other cases." These requests are denied without prejudice for the same reason provided above.

The United States then asks to bar information about "plea negotiations, plea offers, or the rejection of a plea offer." This motion is granted as unopposed.

The United States' next request is to prevent the defendants from introducing into evidence or displaying to the jury "law enforcement reports." Relatedly, the government asks for an Order preventing the defendants "from using such interview reports to impeach a witness unless the witness has subscribed to or otherwise adopted the statement as his own." The motion is granted as unopposed.

The United States also seeks to preclude arguments "encourag[ing] jurors to ignore the law, not follow this Court's instructions, or otherwise violate their oaths as jurors." The motion is granted as unopposed.

Lastly, the United States wants an Order preventing the defendants from making jury arguments about "potential punishment or any other consequences that might result from a conviction." This motion is granted as to potential punishments or other consequences to be incurred by the defendants. It is denied as to potential punishments or other consequences to be incurred by cooperating witnesses.

## II. Mr. Jordan's Omnibus Motion *in Limine* [350]

For his part, Mr. Jordan seeks to prevent the government from making (1) "any suggestion or allegation that Defendant is involved in, associated, or affiliated with any gang or gang related activity," and (2) "any mentioning of any prior crimes or other acts." In response, however, the United States provides controlling authorities explaining when gang-related activities and prior bad acts can constitute admissible evidence.

The Court concludes that Mr. Jordan's motion should be denied without prejudice. Mr. Jordan may lodge a more specific objection at trial and, if he wishes, may propose a limiting instruction that tells the jury how it may and may not consider any gang-related evidence it hears. *See United States v. McCuiston*, 183 F. App'x 474, 477 (5th Cir. 2006). But the blanket prohibitions he seeks now are not warranted.

For these reasons, the government's motion *in limine* is granted in part and denied in part, and Mr. Jordan's motion *in limine* is denied.

**SO ORDERED**, this the 1st day of December, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE