# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| *Plaintiff*, | |
| v. | CAUSE NO. 3:18-CR-67-CWR-LGI |
| **AUBREY MAURICE JORDAN;** **MONROE L. HUGHES, III** *aka* **Roe; and** **CORTEZ LAKEITH BYRD** *aka* **Byrd,** | |
| *Defendants*. | |

## ORDER

Before the Court are the government's *Motion* in Limine *Regarding Hearsay Statement of Unknown Declarant*, Docket No. 367, *Motion* in Limine *Regarding Knowledge of Type and Quantity of Substance*, Docket No. 380, and *Motion* in Limine *Regarding Use of Out of Court Statements and the Prohibited Use of Self-Serving Hearsay*, Docket No. 381. On review, the first motion will be granted, while the second and third motions will be denied.

### I.    Hearsay Statement of Unknown Declarant [367]

The United States first seeks to preclude the defendants and their counsel from mentioning, eliciting, or attempting to elicit from a witness, any information related to Meridian Police Detective Brandon Fireplace's confidential source's statement about the identity of the person who shot Mr. Ford.

In early 2020, Det. Fireplace prepared a report summarizing information he obtained during his investigation. It states that a confidential source told him that she heard that Henry Gibbs shot Mr. Ford. Neither the confidential source nor the person who told her this were

identified in the report. This report and statement by the confidential source were the subject of a *Motion to Compel* by defendant Jordan. Docket No. 245.

This Court took steps to question, in camera, the confidential source before determining whether the evidence should be provided to Jordan. Docket No. 279. The confidential source did not appear and could not be located for questioning. *Id*. This Court ultimately decided that the disclosure of the source's identity need not be compelled and denied Jordan's motion. *Id*.

The government now argues that this confidential source's statement to Det. Fireplace violates the Confrontation Clause because the statement is inadmissible hearsay under Fed. R. Evid. 801(c), inculpates defendant Byrd, and the confidential informant is not subject to cross examination.

Hughes argues that he should be able to question Det. Fireplace about the statement and that Rule 804(b)(6), the "forfeiture by wrongdoing" hearsay exception, applies. Hughes accuses the government of withholding the identity of the confidential source. "[The Government] has refused to provide the identity of the MPD confidential source. . . . The declarant remains 'unknown' because access to his or her identity has been commandeered." Docket No. 424 at 3.

As the government's reply and the Court's prior Order noted, the confidential source does not work for the United States government, but rather the Meridian police. *See* Docket Nos. 425; *see also* Docket No. 279. The United States government is not withholding their identity or making them unavailable; it simply does not know who Det. Fireplace's informant is. Docket No. 425 at 2. Because there is no indication that the prosecution "wrongfully caused

— or acquiesced in wrongfully causing" the informant's unavailability, the forfeiture by wrongdoing hearsay exception does not apply. Fed. R. Evid. 804(b)(6).

Again, the informant claimed to have heard an alternative theory of the shooting from someone she would or could not name, and relayed this narrative to Det. Fireplace. There are multiple levels of hearsay present, with no hearsay exception available to allow the statement in. Allowing Det. Fireplace to testify about this statement would be improper. *See United States v. Hamann*, 33 F. 4th 759, 767 (5th Cir. 2022).

The motion is granted.

**II.    Knowledge of Type and Quantity of Substance [380]**

Next, the government seeks to exclude information about whether a defendant knew the type of substance he was allegedly distributing. The government relies on *United States v. Patino-Prado* for the proposition that "to obtain a conviction under Section 841(a)(1), 'the government is not required to prove that a defendant knew the exact nature of the substance with which he was dealing; it is sufficient that he was aware that he possessed some controlled substance.'" 533 F.3d 304, 309 (5th Cir. 2008) (citations omitted); *see also* Docket No. 380 at 2. The government presupposes that a defendant may argue he did not know he was selling methamphetamine.

Hughes responds in opposition. He does not challenge the caselaw but explains that he does not intend to argue that he was dealing another controlled substance. Rather, he apparently will claim "that the substance at issue in this case is not a controlled substance at all." Docket No. 422 at 5.

This Court has already issued orders allowing Hughes to have an independent expert retest and reweigh the alleged narcotics in question. *See* Docket Nos. 399 and 400. Dependent

3

upon the results of the retesting and reweighing, or other evidence available to Hughes, it is possible that evidence exists to dispute the allegations by the government. Hughes will be allowed to put forth such evidence.

The government's motion is denied without prejudice.

### III.   Out-of-Court Statements and Self-Serving Hearsay [381]

Lastly, the government moves for an Order "(1) admitting relevant portions of the Defendants out-of-court statements at trial, with transcripts[1] to aid the jury's understanding; and (2) precluding Defendants and their counsel from mentioning, eliciting, offering, or using [their] own statements as self-serving hearsay." Docket No. 381 at 7. The government plans to introduce portions of recorded communications of the defendants, with transcripts, arguing that they are probative of guilt and admissible as opposing party statements under Rule 801(d)(2). *Id.* at 2. The government knows which portions it intends to introduce and claims it will provide those portions along with transcripts to the defendants before trial, but never tells the Court which statements it plans to introduce.

Defendant Jordan notes that the government's motion is "premature" because it has yet to produce any transcripts or identify any excerpts it intends to use at trial. Docket No. 402 at 1. Jordan wants the Court to direct the government to immediately produce the transcripts and excerpts it intends to use. *Id.* He adds that he and his co-defendants should be able to introduce additional portions of the recordings pursuant to Rule 106. *Id* at 4. Defendant Byrd responds in agreement and seeks to join Jordan's response. Docket No. 420.

---

[1] Even if the recorded statements are admitted into evidence at trial, this Court will not admit the transcripts into evidence. The jury will, however, be allowed to use transcripts to follow along as they listen to the recordings in trial.

This Court agrees that any Order is premature. Because the government's motion has not identified the relevant portions it intends to use, this Court cannot rule on the propriety of their admissibility. And as for the timing of their disclosure, the Discovery Orders in this case are controlling. *See* Docket Nos. 20 and 67. The Court expects the parties to adhere to the deadlines in those Orders.

The second half of the government's motion seeks an order deeming the defendants' use of their own out-of-court statements as inadmissible "self-serving hearsay." Docket No. 381 at 1. It presupposes arguments the defendants may use to get their own prior statements into evidence, citing the Rule of Completeness, Fed. R. Evid. 106, the State of Mind hearsay exception, Fed. R. Evid. 803(3), and the residual exception within Fed. R. Evid. 807 as potential bases for admissibility. The government begins these sections of its motion stating, "Defendants may argue . . . ." *Id*. at 5-6.

The government's hypothesis as to how the defendants will proceed is not enough for the Court to rule on. Once the government discloses which portions of recorded communications they intend to utilize, the defendants can determine the strategy they seek regarding those recordings. As of now, though, the government's motion must be denied without prejudice for lack of information.

IV.   **Conclusion**

The government's motion at [367] is granted, and its motions at [380] and [381] are denied without prejudice.

**SO ORDERED**, this the 12th day of January, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
