**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**,

                              *Plaintiff*,

*v.*                                                        CAUSE NO. 3:18-CR-67-CWR-LGI-3

**CORTEZ LAKEITH BYRD** *aka* **Byrd,**

                              *Defendant*.

## <u>ORDER</u>

Before the Court are Cortez Lakeith Byrd's *Motion* in Limine *Regarding The Murder of Jamarkee Jones*, Docket No. 386, his *Motion* in Limine *Regarding Warnings to Anton Ford Prior to the Shooting on March 10, 2018*, Docket No. 387, and the government's responses, Docket Nos. 416 and 417. On review, the first motion will be denied as moot, and the second will be denied without prejudice.

## I.      The Murder of Jamarkee Jones [386]

The victim in the case, Anton Ford, acted as a confidential source for the East Mississippi Drug Task Force. Docket No. 386 at 2. He was involved in a controlled purchase of drugs from Cortez Lakeith Byrd on October 9, 2017, which was audio and video recorded. *Id.* After making the purchase, Ford asked Byrd about a rumor that Byrd murdered Jamarkee Jones. *Id.* Mr. Byrd had been arrested in March 2017 on suspicion of the murder, but he was never indicted. *Id.* at 3. Mr. Byrd's conversation with Ford also included alleged comments by Mr. Byrd saying that he was the beneficiary of Jones' insurance policy, and that Mr. Byrd was the beneficiary on 11 other people's life insurance policies. *Id.*

Mr. Byrd now seeks an Order preventing the government from making reference to the murder of Jones and any other information contained in the October 9, 2017 controlled buy video. Docket No. 386.

The government responds that it does not intend to elicit testimony about or introduce this evidence in its case-in-chief. Docket No. 416. As such, the Court finds that this *Motion* in Limine is denied as moot.

If the government changes its mind and intends to use this, it shall alert opposing counsel (and the Court) with sufficient time for the motion to be re-urged.

## II.    Warnings to Anton Ford Prior to the Shooting [387]

Next, Mr. Byrd seeks an order preventing the government from making any reference, by counsel or witness, in its case-in-chief, to warnings given to Anton Ford the day prior to the shooting. Docket No. 387.

The first warning that Mr. Byrd seeks to exclude is from Agent Demarcus Wilburn, a member of the East Mississippi Drug Task Force. *Id.* at 2. Four specific statements—all made on March 9, 2018—are at issue. Docket No. 417 at 1. They include: 1) Agent Wilburn advising Mr. Ford to leave Meridian for his safety because Mr. Byrd may have learned Mr. Ford was the informant; 2) Agent Wilburn stressing "to Ford the violent intention of the Defendant and his people" if his identity was discovered; 3) Agent Wilburn advising Mr. Ford to "lay low and go back to the Mississippi Gulf Coast"; and 4) Agent Wilburn advising Mr. Ford to leave "because of past incidents with other informants." *Id.*

The government argues that it may elicit testimony or present evidence by and through law enforcement about these warnings. *Id.* It relies on *United States v. Hamann* for the proposition that the evidence is admissible as "background information to explain the actions

of investigators." 33 F. 4th 759, 769 (5th Cir. 2022). But in *Hamann*, the Fifth Circuit explained that it has "repeatedly warned the government against '[b]ackdooring highly inculpatory hearsay via an explaining-the-investigation rationale." *Id.* at 770. Such "evidence is 'inadmissible hearsay if it . . . points directly at the defendant and his guilt.'" *Id.*

 While this evidence points towards the guilt of Mr. Byrd, the statements at issue are statements made by a witness (Agent Wilburn) who is available to testify. Agent Wilburn can testify about what he observed and the statements he made to Mr. Ford prior to the shooting. He cannot, however, repeat hearsay statements made to him. This portion of the *Motion* in Limine is denied.

The other warning at issue is the first warning, or threat, Mr. Ford is alleged to have received from Curtis Tingle, a friend or perhaps associate. The government does not intend to elicit testimony or present evidence about Mr. Tingle's statements. Docket No. 417 at 3. Thus, this portion of the *Motion* in Limine is denied as moot.

The government then argues it can present evidence or testimony about "gener[al] threats Ford received the day before the shooting." *Id.* at 3. It argues that Mr. Ford's statements come in under Rule 804(b)(6), the forfeiture by wrongdoing doctrine. *Id.*

This Court has previously recognized the forfeiture by wrongdoing doctrine as applicable to evidence from Mr. Ford, against all defendants, subject to a later finding that the statements are trustworthy. *See* Docket Nos. 204, 244, and 255. Thus, recorded statements by Mr. Ford regarding threats or warnings he personally witnessed or experienced can be introduced, so long as they do not contain double hearsay.

**IV.    Conclusion**

Mr. Byrd's *Motion* at [386] is denied as moot, and his *Motion* at [387] is denied without prejudice.

**SO ORDERED**, this the 17th day of January, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE