# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| *Plaintiff*, | |
| v. | CAUSE NO. 3:18-CR-67-CWR-LGI |
| **MONROE L. HUGHES, III**, *also known as Roe*, **AUBREY MAURICE JORDAN**, | |
| *Defendants*. | |

## ORDER

Before the Court are Monroe L. Hughes, III's *Motion in Limine to Preclude the Government from Offering at Trial Evidence Regarding Other Alleged Crimes of Monroe Hughes*, Docket No. 390, and Aubrey Maurice Jordan's *Motion in Limine Regarding Alleged Other Crimes*, Docket No. 376. Upon review, the Court will grant in part Mr. Hughes' motion, and defer ruling on the remaining issues.

**I.    Other Alleged Crimes and Bad Acts of Monroe Hughes [390]**

The Government previously issued a Notice of Intent to use evidence of Mr. Hughes' other crimes or bad acts. Docket No. 361. It put Mr. Hughes on notice that it might introduce evidence of: (1) a 2001 conviction related to domestic violence; (2) a 2003 arrest for shooting into a dwelling; and (3) Mr. Hughes's alleged affiliation with the BM3 street gang. *Id.*

The Government intends to introduce items (1) and (2) under Rule 404(b)[1] to show that Mr. Hughes had the state of mind required to commit the charged offense—conspiracy to murder Anton Ford. Docket No. 415 at 2. It further argues that evidence of gang affiliation is "intrinsic to the conspiracies charged in the indictment." *Id.* at 3.

Mr. Hughes now asks this Court to preclude such evidence as irrelevant to the offense charged and improper character evidence. Docket No. 390 at 2-3.

Admissibility of evidence under 404(b) is assessed using a two-part test. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). First, the Court must determine whether the extrinsic offense is relevant to an issue other than the defendant's character. *Id.*[2] Second, the evidence's probative value must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements under Rule 403.[3] *Id.*

The Court agrees with Mr. Hughes as to items (1) and (2). At this juncture, it is unclear how Mr. Hughes' 2001 conviction and 2003 arrest relate to the state of mind required to conspire to murder Mr. Ford.

To start, neither incident is "intrinsic" to the crimes charged because they are not inextricably intertwined with the present offenses. *See United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020). Nor are they part of a single

---

[1] "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2).

[2] Evidence of other crimes or bad acts is intrinsic when they are inextricably intertwined with the charged offense, when the two are part of a single criminal episode, or the evidence is a necessary preliminary to the charged offense. *United States v. Stephens*, 571 F.23d 401, 410 (5th Cir. 2009). Intrinsic evidence does not implicate Rule 404(b).

[3] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

criminal episode or necessary preliminaries to the crimes charged. *Id.* The evidence is, therefore, extrinsic to the offenses charged.

Next, evidence of Mr. Hughes' 2003 arrest is inadmissible because the Government did not offer "sufficient proof demonstrating that [Mr. Hughes] committed the extrinsic offense." *United States v. Sam*, No. 3:17-CR-59-DCB-LRA, 2017 WL 3648532, at *2 (S.D. Miss. Aug. 23, 2017) (explaining that proof that the defendant committed the extrinsic offense is a predicate to determining that the extrinsic offense is relevant). As Mr. Hughes explains, the 2003 arrest was an arrest for which he was not convicted. Because the Government failed to satisfy this threshold inquiry, evidence of Mr. Hughes' 2003 arrest is inadmissible at trial.

Likewise, evidence of Mr. Hughes' 2001 conviction is inadmissible. The Court is left searching for an explanation of how a more than 20-year-old domestic violence conviction is relevant to show Mr. Hughes possessed the state of mind required to conspire to kill Mr. Ford or conspire to distribute controlled substances. Such evidence appears to go to nothing but Mr. Hughes' character and his alleged propensity for violence, a use that is violative of Rule 404(a). For that reason, its unfairly prejudicial effect substantially outweighs any probative value it may have. Evidence of Mr. Hughes' 2001 conviction is inadmissible at trial.

As to the third item, the Court cannot say with certainty, based on the filings before it, how Mr. Hughes' alleged affiliation with the BM3 street gang is intertwined with the conspiracies at issue. For that reason, the Court will defer ruling on this issue until trial.

## II.    Other Alleged Crimes and Bad Acts of Aubrey Jordan [376]

The Government previously put Mr. Jordan on notice that it intends to introduce evidence of his (1) knowledge and involvement with co-defendant Cortez Byrd in the distribution of controlled substances, and (2) alleged affiliation with the BM3 gang pursuant

3

to Rule 404(b). It further put Mr. Jordan on notice that it reserves the right to introduce evidence of: (1) a 2012 conviction for attempted burglary; (2) a 2013 incident of possessing a prohibited item in the Lauderdale County Detention Center; (3) a 2014 arrest for simple assault; (4) a 2015 felon-in-possession conviction; (5) a 2019 incident in the Madison County Detention Center, which resulted in numerous major violations; and (6) a 2021 incident of possessing a prohibited item in the Madison County Detention Center. Docket No. 363.

Mr. Jordan argues that awareness of or involvement with an alleged drug sale, or alleged affiliation with the BM3 street gang, are not intrinsic to his charged offenses. Docket No. 376. As he sees it, "this case turns solely on identity." Docket No. 442 at 1. Therefore, Mr. Jordan contends, because his alleged involvement with a drug sale or affiliation with the BM3 street gang has no bearing on whether he was the shooter, the Court should exclude the evidence. *Id.* at 2. He further asks the Court to preclude any admission of the six prior criminal and in-custody incidents because doing so would violate his rights under the Confrontation Clause and the Rules against hearsay.

The Court is not quite persuaded by Mr. Jordan's argument concerning his alleged involvement with prior drug sales or the BM3 street gang. Whether he had the requisite intent to conspire to kill Mr. Ford is a critical element of the present offense. Involvement with drug sales or a possible gang affiliation could, depending on the evidence, be probative of motive.

Contrary to what Mr. Jordan argues, his charges involve the alleged distribution of controlled substances. He is accused of conspiring to kill and killing Mr. Ford to prevent him from providing law enforcement with information about the distribution of controlled substances. Similarly, he is charged with conspiring to kill and killing Mr. Ford in retaliation for Mr. Ford sharing information with law enforcement about the alleged distribution of

4

controlled substances. The Court is, thus, not convinced by Mr. Jordan's argument as to these two incidents and defers ruling until trial. The parties may develop the foundation and arguments for and against the admission of this evidence during trial outside of the presence of the jury.

As for the final six incidents, the Government does not intend to introduce evidence of Mr. Jordan's prior criminal and disciplinary infractions in its case-in-chief. Mr. Jordan's argument against admitting that evidence is presently moot. Should the Government change its mind, it shall alert Mr. Jordan (and the Court) with sufficient time to re-urge this Motion.

Mr. Hughes's motion, Docket No. 390, is **GRANTED IN PART** and **DEFERRED IN PART.** Because ruling on Mr. Jordan's motion, Docket No. 376, would be premature, the Court will defer ruling.

**SO ORDERED**, this the 17th day of January, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE